UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDA DAVIS,

              Plaintiff,                                Case No. 11-cv-10803
                                                     Paul D. Borman
                                                     United States District Judge

v.

                                                     Michael J. Hluchaniuk

ARTIS LEON IVY, JR., a.k.a. COOLIO            United States Magistrate Judge

              Defendant.
_____/

**OPINION AND ORDER**
**(1) GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. No. 42),**
**and (2) REFERRING THIS MATTER TO THE MAGISTRATE JUDGE FOR AN**
**EVIDENTIARY HEARING AND A REPORT AND RECOMMENDATION ON THE**
**APPROPRIATE DAMAGES TO AWARD PLAINTIFF**

This matter is before the Court on Randa Davis' ("Plaintiff") Motion for Default

Judgment, filed on December 27, 2012. (Dkt. No. 42.) Artis Leon Ivy, Jr. ("Defendant") did not

file a response and did not appear at the hearing on this matter, which was held on April 12,

2013.

For the reasons stated below, the Court will GRANT Plaintiff's motion and enter a

default judgment against Defendant. The Court will also ORDER that his matter be referred to

the Magistrate Judge for an evidentiary hearing to determine Plaintiff's damages pursuant to

Federal Rule of Civil Procedure 55(b)(2).

**I. BACKGROUND**

The Defendant in this matter is a Grammy Award-winning musician, rapper, actor, and

record producer, commonly known by his stage name Coolio.

1

The Complaint alleges that Plaintiff and a friend attended one of Defendant's performances on September 7, 2009, at the V Nightclub in the MGM Grand Detroit Casino. Plaintiff's friend knew one of Defendant's guests.  At the end of the performance, Plaintiff's friend spoke with Defendant, who invited Plaintiff and her friend to a VIP area.  Plaintiff alleges that Defendant "was heavily intoxicated."  (Compl. ¶ 7.)

The VIP area included a balcony that overlooked the dance floor of the nightclub. Plaintiff alleges that she was standing at the balcony looking out at the crowd on the dance floor while Defendant was dancing behind her.  Plaintiff alleges that Defendant then "proceeded to jump on top of Plaintiff's back and 'bull rided' her."  (Compl. ¶ 8.)  Plaintiff was eventually able to get Defendant off of her back, but "immediately felt pain in [her] lower back."  (Compl. ¶ 8.) In addition to her back pain, Plaintiff alleges that she suffered embarrassment and humiliation as a result of Defendant's actions.

Plaintiff filed the Complaint on February 28, 2011.  (Dkt. No. 1.)  Defendant failed to plead or otherwise defend, and Plaintiff received a clerk's entry of default on May 31, 2011. (Dkt. No. 8.)  Plaintiff filed a Motion for Default Judgment on September 8, 2011.  (Dkt. No. 10.)  The docket reflects that a Certificate of Service notifying Defendant of the hearing date for Plaintiff's motion was mailed to Defendant at 6868 Arizona Avenue in Los Angeles, California.

Thereafter, prior to the hearing on Plaintiff's Motion for Default Judgment, an attorney entered an appearance for Defendant on September 29, 2011, and filed an Answer to the Complaint on October 5, 2011.  (Dkt. Nos. 12, 13.)  On October 6, 2011, Defendant also filed a Response to Plaintiff's Motion for Default Judgement and a Motion to Set Aside the Entry of Default.  (Dkt. Nos. 14, 15.)  On November 16, 2011, Magistrate Judge Michael J. Hluchaniuk

granted Defendant's Motion to Set Aside the Entry of Default, and the Court denied as moot Plaintiff's Motion for Default Judgment on November 21, 2011.  (Dkt. No. 22.)

The parties filed a Joint Proposed Discovery Plan on January 25, 2012, and the Court issued a Scheduling Order on January 26, 2012.  (Dkt. Nos. 25, 26.)  The Scheduling Order stated that September 25, 2012, was the closing date for all discovery.  Two Amended Scheduling Orders were later filed, but all listed the closing date for discovery as September 25, 2012.  (Dkt. Nos. 27, 28.)

On May 8, 2012, Defendant's attorney filed a Motion to Withdraw.  (Dkt. No. 29.)  In his motion, Defendant's attorney stated that Defendant "indicated that . . . he no longer has any money with which to pay the attorney fee bills that have been sent to him . . . ."  (Mot. to Withdraw as Counsel for Def. ¶ 2.)  The Court granted Defendant's attorney's motion on May 21, 2012.  (Dkt. No. 32.)  This Order was served on Defendant via United States mail at 3041 Yankee Clipper Drive in Las Vegas, Nevada, an address provided by Defendant's attorney.  No new counsel filed an appearance on Defendant's behalf.

On September 20, 2012, Plaintiff filed a motion to compel Defendant to respond to Plaintiff's interrogatories and requests to admit.  (Dkt. No. 38.)  The Court referred Plaintiff's motion to the Magistrate Judge, who issued an Order Requiring Response to Plaintiff's Motion to Compel on October 13, 2012.  (Dkt. No. 40.)  The Magistrate Judge's Order stated that Defendant was required to file a response to Plaintiff's motion by November 1, 2012, and that "[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party."  (Order Requiring Resp. at 1.)  This Order was served on Defendant by mail to both his Las Vegas, Nevada and Los Angeles, California addresses.  Defendant did not file a response to Plaintiff's motion.  On November 29, 2012, the Magistrate

3

Judge entered an Order Granting Plaintiff's Motion to Compel.  (Dkt. No. 41.)  The Magistrate

Judge ordered as follows:

> Plaintiff's requests for admissions to defendant are deemed
> admitted and defendant has 14 days from the date of entry of this
> Order to serve full and complete responses to interrogatories.
> **Failure to timely and satisfactorily comply with this Order
> may result in further sanctions, including entry of default and
> default judgment.**

(Order Granting Mot. to Compel at 1-2 (emphasis in original).)

     This Order was mailed to Defendant at his Las Vegas, Nevada and Los Angeles,

California addresses.  On December 21, 2012, the mail sent to the Las Vegas, Nevada address

was returned to the Court as undeliverable.  (Dkt. No. 43.)  Defendant did not file objections to

the Magistrate Judge's November 29, 2011 Order.

     On December 27, 2012, Plaintiff filed the instant Motion for Default Judgment.  (Dkt.

No. 42.)  A Notice of Hearing on Plaintiff's motion was mailed to both the Las Vegas, Nevada

and Los Angeles, California addresses.  The mail sent to the Las Vegas, Nevada address was

returned as undeliverable (Dkt. No. 47), but the mail sent to Defendant's Los Angeles, California

address was not.

## II.  LEGAL STANDARD

     Plaintiff requests entry of a default judgment based on Defendant's failure to cooperate

and/or participate in discovery.  Federal Rule of Civil Procedure 37(b)(2)(A)(vi) specifically

provides that a default judgment may be entered against a party who "fails to obey an order to

provide or permit discovery . . . ."  The United States Court of Appeals for the Sixth Circuit has

also noted that "[a] district court may sanction parties who fail to comply with discovery orders

in a variety of ways, including dismissal of their lawsuit or entry of default judgment against

them."  *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).  In

determining whether to impose a default judgment as a discovery sanction, the Court considers (1) whether the non-compliant party acted willfully or in bad faith; (2) whether the opposing party suffered prejudice; (3) whether the non-compliant party was warned that failure to cooperate in discovery could result in a default judgment; and (4) whether less drastic sanctions were imposed or considered.  *Id.*

## III.  ANALYSIS

As an initial matter, the Court notes that, pursuant to the Magistrate Judge's November 29, 2011 Order Granting Plaintiff's Motion to Compel, Plaintiff's requests for admission are deemed admitted by Defendant.  Accordingly, Defendant has admitted the following:

- Defendant, Artis Leon Ivy, Jr., is also know as "Coolio."

- Defendant performed a concert at MGM Grand Casino on September 7, 2009.

- Defendant invited Plaintiff and her friend to the VIP room after the September 7, 2009 concert.

- Defendant was intoxicated at the time he met Plaintiff.

- Defendant touched Plaintiff without her permission on the top of her back.

- Defendant remained on Plaintiff's back without her permission and attempted to ride her like "a bull rider."

- Plaintiff was injured as a result of Defendant's actions.

- Plaintiff has accrued medical expenses.

- Defendant's actions were willful, wanton, intentional and reckless.

- Defendant's actions created a reasonable apprehension of immediate threat of harm and/or offensive touching to Plaintiff.

- Defendant's actions directly caused injuries to Plaintiff.

- Defendant knew and/or should have known that his actions would cause injury to Plaintiff.

- Defendant knowingly, intentionally, and/or recklessly assaulted Plaintiff.

- Defendant's actions were extreme and outrageous.

- Defendant's actions intentionally and/or recklessly afflicted upon Plaintiff extreme emotional distress.

- Defendant's actions amount to offensive assault and a battery under Michigan law.

(*See* Pl.'s Mot. for Default J., Ex. B, Pl.'s Req. for Admis. to Def.)

*1. Willfulness*

The Sixth Circuit has noted that evidence of willful failure to cooperate in discovery includes "a clear record of delay or contumacious conduct[.]"  *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

The Court finds that Defendant's failure to participate in discovery in the instant case evidences willfulness sufficient to warrant the sanction of default judgment.  Defendant initially failed to plead or appear in any way before this Court, and it was only after a clerk's entry of default had been entered against Defendant that he hired counsel and filed an Answer to the Complaint.  After the entry of default was set aside, Defendant agreed to a joint discovery plan with Plaintiff.  However, Defendant then resumed his initial strategy of ignoring this matter.  In addition to Plaintiff's own discovery requests and pleadings, this Court has mailed two orders to Defendant notifying him of his obligation to participate in the discovery process, and of the consequences of his failure to participate.  Although some orders and notices that have been sent to Defendant's Las Vegas, Nevada address were returned as undeliverable, none of the mail sent to Defendant's Los Angeles, California address has been returned as undeliverable.

Furthermore, the Court notes that, if Defendant has moved to a new address, he has not provided the Court with an updated address, as required for parties who are not represented by counsel under Eastern District of Michigan Local Rule 11.2. Failure to comply with this Local Rule also subjects Defendant to sanctions, including default judgment. *See* E.D. Mich. L.R. 11.2.

The Court further notes that this matter has been pending since February 28, 2011, and that Defendant did not file an Answer until October 2011. Defendant agreed to a joint discovery plan more than 15 months ago, in January 2012, but Defendant still has not responded to Plaintiff's interrogatory requests, even after the Magistrate Judge ordered Plaintiff to do so by December 13, 2012.

The Court thus finds that Defendant willfully failed to cooperate in discovery, and that Defendant's record in this matter evidences delay and contumacious conduct.

## 2. *Prejudice to the Opposing Party*

The Court finds that Plaintiff has been prejudiced by Defendant's failure to cooperate in discovery. Plaintiff's counsel has been forced to incur additional legal expenses in attempting to obtain Defendant's cooperation, and by filing a motion to compel. Furthermore, Defendant's conduct has caused unneeded delay and prevented Plaintiff from timely adjudicating her claims. *See Southside Comm'ty Action Ass'n, Inc. v. Georgia Pacific Corp.*, 972 F.2d 348, at *6 (6th Cir. 1992) (table decision) (finding material prejudice where, due to the dilatory tactics of the sanctioned party slowing the pace of discovery, the dispute would not reach a resolution "for several more years.").

## 3. *Prior Notice to Defendant*

In the Order Granting Plaintiff's Motion to Compel, the Magistrate Judge stated that Defendant "ha[d] 14 days from the date of entry of this Order to serve full and complete

responses to interrogatories." (Order Granting Mot. to Compel at 1.) The Order further stated that "[f]ailure to timely and satisfactorily comply with this Order may result in further sanctions, including entry of default and default judgment." (*Id.* at 1-2.) Defendant thus had prior notice that failure to cooperate in discovery could result in entry of a default judgment.

*4. Less Drastic Sanctions*

The Court finds that a lesser sanction is not appropriate in this matter. Defendant has already ignored an order from this Court directing him to submit discovery by a specific date. It appears that Defendant has decided to avoid participating in this matter entirely. The Court thus finds that the only appropriate sanction in this situation is entry of default judgment against Defendant.

In sum, the Court finds that Defendant's refusal to cooperate in discovery is willful, that it has prejudiced Plaintiff, that Defendant was previously warned that a default judgment could be entered against him if he continued to refuse to cooperate in discovery, and that a lesser sanction is not appropriate. The Court will thus GRANT Plaintiff's motion and enter a default judgment against Defendant pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi).

**A. Plaintiff's Requested Damages**

Federal Rule of Civil Procedure 55(b)(2) provides that, in entering a default judgment in cases where the Plaintiff has not claimed a sum certain,

> [t]he court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

The Complaint alleges five counts: (1) Assault and Battery, (2) Intentional Infliction of Emotional Distress, (3) Negligent Infliction of Emotional Distress, (4) Exemplary Damages, and (5) Aggravation of Pre-existing Condition.  Plaintiff alleges that she has suffered "serious and permanent injuries to her back."  (Compl. ¶ 9.)  Plaintiff also alleges that she "suffered pain, disability, mental anguish, medical expenses, wage loss, loss of future earning potential and other damages . . . ."  (Compl. ¶ 10.)  In her Complaint, Plaintiff seeks a judgment in the amount of $1,000,000, plus costs, interest, and attorney fees.  (Compl. ¶ 29.)

In her Motion for Default Judgment, Plaintiff claims that her charged medical expenses exceed $15,000, and has produced a lien from Health Alliance Plan in the amount of $4,961.19. (Pl.'s Mot. for Default J., Ex. E, HAP Lien.)  Plaintiff states that she is disabled from performing housework, had to take time off work to attend physical therapy, and was restricted from activities of daily living.  Plaintiff requests judgment in the amount of $250,000, together with costs, interest, and attorney fees.  (Pl.'s Mot. for Default J. ¶ 7.)

The claims in this matter are not for a sum certain.  The Court will therefore hold an evidentiary hearing to determine the appropriate amount of damages, pursuant to Rule 55(b)(2).

Because Magistrate Judge Hluchaniuk is familiar with this case, the Court finds that it is an appropriate and efficient use of judicial resources to refer this matter to the Magistrate Judge for an evidentiary hearing and a Report and Recommendation on the appropriate damages to award Plaintiff.  Moreover, such referrals are specifically authorized under Rule 55(b)(2).

## IV.  CONCLUSION

For the reasons stated above, the Court will:

(1) **GRANT** Plaintiff's Motion for Default Judgment; and

(2) **ORDER** that this matter is referred to the Magistrate Judge for an evidentiary hearing

and a Report and Recommendation as to Plaintiff's damages, pursuant to Rule 55(b)(2).

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 12, 2013

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
April 12, 2013.

S/Denise Goodine
Case Manager

10