UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RANDA DAVIS, | Case No. 11-10803 |
| Plaintiff, | Paul D. Borman |
| v. | United States District Judge |
| ARTIS LEON IVY, JR., | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**EVIDENTIARY HEARING REGARDING DAMAGES (Dkt. 48)**

      This matter is before the court for an evidentiary hearing on damages following the district judge's entry of a default judgment against defendant Artis Leon Ivy, Jr., a Grammy Award-winning musician, rapper, actor, and record producer commonly known by his stage name Coolio.  Plaintiff alleges that she and a friend attended one of defendant's performances on September 7, 2009, at the V Nightclub in the MGM Grand Detroit Casino, and that defendant invited plaintiff and her friend to the VIP area at the end of the performance.  (Dkt. 1, ¶ 7). Plaintiff alleges that once in the VIP area, defendant was dancing behind her and then "proceeded to jump on top of Plaintiff's back and 'bull rided' her."  (*Id.* ¶ 8). Plaintiff claims that she was eventually able to get defendant off of her back, but "immediately felt pain in [her] lower back," and also suffered embarrassment and humiliation as a result of defendant's actions.  (*Id.*).  An evidentiary hearing was

held on July 24, 2013, at which plaintiff appeared and testified. The undersigned took the matter under advisement.

## I. Background

On February 28, 2011, plaintiff Randa Davis filed this complaint against defendant, asserting claims for: (1) assault and battery, (2) intentional infliction of emotional distress, (3) negligent infliction of emotional distress, (4) exemplary damages, and (5) aggravation of a pre-existing condition, resulting from the alleged incident following one of defendant's performances. (Dkt. 1). Defendant failed to answer or otherwise defend, and plaintiff received a clerk's entry of default on May 31, 2011. (Dkt. 8). Plaintiff filed a motion for default judgment on September 8, 2011 (Dkt. 10), and defendant then filed an Answer to the Complaint on October 5, 2011 (Dkt. 13), a response to plaintiff's motion for default judgment on October 6th (Dkt. 14), and a Motion to Set Aside the Entry of Default on October 6th. (Dkt. 15). Defendant's motion to set aside was referred to the undersigned on October 13, 2011, and, following a hearing on November 16, 2011, the undersigned granted defendant's motion to set aside entry of default and awarded costs to plaintiff in the amount of $2,500.00 (Dkt. 23). The Court denied as moot plaintiff's motion for default judgment. (Dkt. 21).

The parties filed a Joint Proposed Discovery Plan on January 25, 2012 (Dkt. 25), and plaintiff initiated discovery. On May 8, 2012, defendant's attorney filed a

motion to withdraw, in which he stated that defendant "indicated that . . . he no longer has any money with which to pay the attorney fee bills that have been sent to him . . . ." (Dkt. 29). The Court granted this motion on May 21, 2012. (Dkt. 32). No new counsel filed an appearance on defendant's behalf.

On September 20, 2012, plaintiff filed a motion to compel defendant to respond to plaintiff's interrogatories and requests to admit. (Dkt. 38). This motion was referred to the undersigned, and defendant was ordered to respond to plaintiff's motion by November 1, 2012, and instructed that "[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party." (Dkt. 40). Defendant failed to respond and the undersigned granted plaintiff's motion on November 29, 2102, and plaintiff's requests for admission were deemed admitted. (Dkt. 41).

Plaintiff filed a second motion for default judgment on December 27, 2012. (Dkt. 42). Defendant failed to respond to the motion, and after a hearing held on April 12, 2013, the Court entered an Order granting plaintiff's motion and referring this matter to the undersigned for an evidentiary hearing and a report and recommendation as to plaintiff's damages. (Dkt. 48). An evidentiary hearing was held on July 24, 2013, at which plaintiff appeared and provided testimony. This matter is now ready for report and recommendation.

**II. Testimony at the Hearing**

3

Plaintiff testified that on September 7, 2009, she went to the Casino with a date and attended defendant's performance. After the performance, defendant invited plaintiff to the VIP area behind the stage. Plaintiff was at first reluctant to go because defendant and others appeared intoxicated, but eventually did go and took a photo with defendant and others. Plaintiff testified that when she turned her back to face the dance floor, defendant jumped on her back and proceeded to "ride" on her back, causing her to fall and injure her back. Plaintiff stated that defendant was on her back for approximately 30 seconds before she fell and was able to get him off her back. Plaintiff testified that this incident took place in front of the entire club of about 300-400 people, including her date and defendant's "entourage" and she was humiliated and embarrassed.

Plaintiff stated that she sought treatment for her back the next day. The treatment consisted of prescriptions for muscle relaxers, Valium, and Flexeril, as well as physical therapy for her back, which consisted of two-hour sessions, three to four times a week, for several months. In order to attend all of the physical therapy sessions, plaintiff had to use all of her accumulated sick and vacation time, and had to take family and medical leave from her job. Plaintiff testified that she also had to change positions at her job with an airline because her then-position required her to travel extensively, which she could no longer do because of her ongoing back pain. Thus, plaintiff had to move to a different position as a

reservations agent, where she remains. Plaintiff also testified that she had to stop her activities as a union specialist because of her back pain. Plaintiff further testified that her activities of daily living were also impacted by the incident. Plaintiff stated that she was previously very athletic, but had to stop exercising and going to the gym, stop enjoying outdoor activities such as tennis and swimming, stop babysitting her great nephew (because she could no longer pick him up), have help with household chores, and pay for lawn and snow removal services because her back pain prevented her from performing those activities.

Plaintiff testified that although her back condition has improved, she still has to remain very careful and cautious because it is easy to throw her back out (which she testified happens every few months). She stated that she cannot do any heavy lifting, must proceed with caution when doing any physical activities, and that she now treats her back pain with Motrin and Flexeril and visits to her family physician. Plaintiff is not currently engaging in physical therapy for her back because she has used up her allotment for therapy through her health insurance for the year, and must wait until next year to again receive physical therapy for her back pain.

Plaintiff testified that she did not lose any income because of the incident because she had accumulated significant vacation and sick leave time over her eighteen years at her job, but that she has now completely depleted all of her leave

time. Plaintiff also states that she had health insurance for her medical expenses, but that Flint Recovery Group, the third party recovery agent for plaintiff's health insurer, has filed a lien in the amount of $4,961.19 on medical charges exceeding $15,000.00.

### III. Analysis

Federal Rule of Civil Procedure 55(b)(2) provides that, in entering a default judgment in cases where the Plaintiff has not claimed a sum certain:

> The court may conduct hearings or make referrals –
> preserving any federal statutory right to a jury trial –
> when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> *(B) determine the amount of damages*;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2) (emphasis added). When a tort action is brought in federal court pursuant to diversity jurisdiction, basing liability on state law, the court must apply state law in regard to availability and computation of damages. *Losey v. No. Am. Philips Consumer Elecs. Corp.*, 792 F.2d 58, 62 (6th Cir. 1986); *see also Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278 (1989) ("In a diversity action . . . the propriety of an award of punitive damages for the conduct in question, and the factors the jury may consider in determining their amount, are questions of state law."). Thus, Michigan law controls the availability and computation of damages in this case.

Damages available for bodily injury claims in Michigan include past and future pecuniary losses (including medical expenses, lost wages, or lost earning capacity) and past and future nonpecuniary damages (such as pain and suffering, mental anguish, denial of social pleasure, embarrassment, or humiliation). *See Philips v. Butterball Farms Co.*, 448 Mich. 239, 251 & n. 32; 531 N.W.2d 144 (1995). While punitive damages are generally not available,[1] exemplary damages are available in certain circumstances, such as for intentional tort cases, when a claim for exemplary damages is specially pled. *B&B Inv. Grp. v. Gitler*, 229 Mich. App. 1, 9-10; 581 N.W.2d 17 (1988); *see also Neal v. Miller*, 778 F. Supp. 378, 387-88 (W.D. Mich. 1991). Exemplary damages are designed to compensate the plaintiff for "humiliation, sense of outrage, and indignity resulting from injuries maliciously, willfully and wantonly inflicted by the defendant." *Id.* (explaining that the "theory behind these cases is that the reprehensibility of the defendant's conduct both intensifies the injury and justifies the award of exemplary damages as compensation for the harm done to the plaintiff's feelings"). Exemplary damages are only available when the defendant's conduct is malicious or so willful and wanton that it demonstrates a reckless disregard for the plaintiff's rights. *Bailey v.*

---

[1] An award of punitive damages, however, is generally not allowed in Michigan. *See Eide v. Kelsey-Hayes Co.*, 431 Mich. 26, 51; 427 N.W.2d 488 (1988). Punitive damages are those which are designed to punish a party for misconduct and are only available in Michigan when they are expressly authorized by statute. *Gilbert v. DaimlerChrysler Corp.*, 470 Mich. 749, 765; 685 N.W.2d 391 (2004).

*Graves*, 411 Mich. 510, 516; 309 N.W.2d 166 (1981); *see also Neal*, 778 F.Supp. at 388 ("Exemplary damages are recoverable for an assault and battery."). However, Michigan law prohibits double recovery for mental anguish. *Veslenak v. Smith*, 414 Mich. 567, 573-74; 327 N.W.2d 261 (1982) (ruling that damages for mental anguish are not separately recoverable as "exemplary" damages where plaintiff is fully compensated for mental distress through the award for "compensatory" rather than "exemplary" damages); *see also Hayes-Albion Corp. v. Kuberski*, 421 Mich. 170, 187; 364 N.W.2d 609 (1984) (when compensatory damages can make the injured party whole, courts deny exemplary damages).

A plaintiff in a tort action must prove damages with reasonable certainty; speculative damages, or those based on conjecture, are not generally recoverable. *Ensink v. Mecosta Co. Gen. Hosp.*, 262 Mich. App. 518, 525; 687 N.W.2d 143 (2004). However, "damages are not speculative merely because they cannot be ascertained with mathematical precision." *Id.* "It is sufficient if a reasonable basis for computation exists, although the result be only approximate." *Berrios v. Miles, Inc.*, 226 Mich. App. 470, 478; 574 N.W.2d 677 (1997); *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 268 Mich. App. 83, 96; 706 N.W.2d 843 (2005) (damages in tort may be based on approximation, but there must be a reasonable basis for the computation). Thus, in a personal injury there is no absolute standard for the court to measure compensatory damages for a plaintiff's

8

physical injury and pain and suffering, and the award is in the sound discretion of the trial court. *See Peterson v. Dep't of Transp.*, 154 Mich. App. 790, 799; 399 N.W.2d 414 (1987). "Michigan law allows recovery for mental anguish based on the plaintiff's own testimony; however there must be 'specific and definite evidence of [a plaintiff's] mental anguish, anxiety or distress.'" *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 210 (6th Cir. 1990) (quoting *Wiskotoni v. Michigan Nat'l Bank-West*, 716 F.2d 378, 389 (6th Cir. 1983) (applying Michigan law)). The Sixth Circuit similarly has affirmed awards of emotional distress damages where the only evidence of those damages was from the plaintiff's own testimony about how the incident made him feel. *See Baumgardner v. Secretary, United States Dep't of Housing and Urban Dev. on behalf of Holly*, 960 F.2d 572, 581 (6th Cir. 1992). But where economic damages are capable of precise calculation, they "must be proved with reasonable certainty, and are not to be inferred or fixed arbitrarily by the jury." *Shaw-Walker Co. v. Fitzsimons*, 148 Mich. 626, 630; 112 N.W.2d 501 (1907).

    In this case, plaintiff produced copies of her medical records, as well as the lien by First Recovery Group on behalf of Health Alliance Plan ("HAP") in the amount of $4,961.19 for medical expenses paid on plaintiff's behalf. (Dkt. 42-4, 5, 6). Plaintiff also testified as to her continuing pain and suffering, the extreme embarrassment and humiliation caused by the incident, loss of enjoyment of life, as

well as the changes it caused to her daily activities. And, as a result of defendant's failure to respond to discovery, several facts and legal issues have been deemed admitted, including that "Plaintiff . . . was injured as a result of Defendant . . . contacting the Plaintiff without her permission," "First Recovery Group associated with Health Alliance Plan has paid medical benefits on behalf of Plaintiff . . . in the sum of $4,961.19," "[t]he conduct of Defendant was willful, wanton, intentional and reckless as it pertains to contacting the Plaintiff without her permission," "[t]he actions and conduct of Defendant . . . created a reasonable apprehension of immediate threat of harm and/or offensive touching to the Plaintiff," "Defendant either knew or should have known that his actions and/or conduct . . . would cause injury and/or offense to Plaintiff, and that his conduct in fact did cause injury as previously described by the Plaintiff," "[t]he actions of Defendant . . . constitutes an extreme and outrageous action as defined under Michigan law," and "[t]hat Defendant['s] . . . conduct, intentionally and/or recklessly afflicted upon Plaintiff caused extreme emotional distress, including without limitation intense and acute fear for her safety, alarm, anger, confusion and stress." (Dkt. 42-2, 3). At the hearing plaintiff asserted that she seeks damages in the amount of $4,961.19 to satisfy the First Recovery Group lien, and $100,000.00 for her pain and suffering, loss of enjoyment of life, humiliation and embarrassment.

**IV.　Recommendation**

Based on the above, the undersigned **RECOMMENDS** that plaintiff be awarded actual damages in the amount of **$4,961.19** for past medical expenses as evidenced by the lien by First Recovery Group, and compensatory damages in the amount of **$100,000** for bodily injury, pain and suffering, loss of enjoyment of life, mental anguish, embarrassment and humiliation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 26, 2013              s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on September 26, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Christian P. Collis., and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Artis Leon Ivy, Jr. 30401 Yankee Clipper Drive, Las Vegas, NV 89117 and 6868 Arizona Avenue, Los Angeles, CA 90045.

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov